UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JANE GARFINKEL**<br>c/o Joseph W. Shea, III Esq.<br>3734 Eastern Avenue<br>Cincinnati, OH 45226<br><br>PLAINTIFF,<br>V.<br><br>**SOMERSET STREET, INC., DBA KOOK**<br>31 Ford Street<br>Brooklyn, NY 11213<br><br>Serve: Somerset Street, Inc<br>      31 Ford Street<br>      Brooklyn, NY 11213<br><br>      Somerset Street, Inc.<br>      dba Kook<br>      31 Ford Street<br>      Brooklyn, NY 11213<br><br>DEFENDANT. | CASE NO.<br><br>JUDGE:<br><br>COMPLAINT |

Plaintiff Jane Garfinkel, by and through her attorneys, brings this action against Somerset Street, Inc., DBA Kook ("Defendant").

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant for injuries sustained by Plaintiff on July 2, 2022 when the glass bottom of Defendant's Kook Glass Drink Dispenser (the "Dispenser") suddenly and without warning snapped off and separated from the rest of the Dispenser while resting on Plaintiff's kitchen counter.

2. The Dispenser's shattering caused the contents of the Dispenser, approximately 80 oz of boiling water, to pour onto Plaintiff's left leg and foot.

1

3. As a result of the Dispenser breaking, Plaintiff suffered severe burns to her left lower leg and permanent and disfiguring scarring to her left foot.

## PARTIES

4. Plaintiff is an adult individual who is and has been at all relevant times a resident of Hamilton County, Ohio, and a citizen of Ohio.

5. Defendant is a New York corporation with its principal place of business located at 31 Ford Street, Brooklyn, NY 11213. Defendant manufactured and/or distributed the Dispenser that is the subject of this Complaint under the brand name Kook. Defendant holds the trademark for the Kook brand.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because complete diversity exists between the parties.

7. The Court has general personal jurisdiction over Defendant because Defendant conducts significant, continuous, regular, and systematic business in this District, and specific personal jurisdiction over Defendant because Plaintiff's causes of action arise out of the Defendant's actions in or contacts with Ohio, and/or Plaintiff's causes of action relate to Defendant's contacts with Ohio.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant transacts significant business throughout this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**FACTS**

9. Plaintiff purchased the Dispenser through amazon.com in June 2021 for the purpose of making iced tea. Plaintiff was interested in a container that she could use to add hot water and tea bags to both make and dispense iced tea, and she reviewed all representations made by Defendant on amazon.com about the Dispenser's ability to do both prior to her purchase.

10. Prior to Plaintiff's purchase, Defendant made no statement in any advertising, on the Dispenser itself, or in any written materials accompanying the Dispenser that warned consumers such as Plaintiff that boiling or hot liquids should not be poured into the Dispenser.

11. Had Defendant issued such a warning, Plaintiff would not have purchased the Dispenser. Indeed, the purpose for which Plaintiff intended to use the Dispenser – making iced tea – involves the Dispenser being filled with large quantities of hot or boiling water.

12. In fact, not only did Defendant fail to warn Plaintiff, but Defendant specifically and affirmatively represented that the Dispenser was constructed with thick, durable glass and could be filled with hot or boiling liquids. In the following recipe for lemonade, Defendant's instructions specifically stated that hot or boiling liquid should be "pour[ed] into dispenser."



13. On July 2, 2022, Plaintiff poured boiling water from a tea pot into the Dispenser to make iced tea.

3

14. Suddenly, and without warning, Plaintiff heard a "pop" sound and simultaneously the base of the Dispenser snapped off and slid across the kitchen counter causing approximately 80 ounces of boiling water to gush all over Plaintiff's left lower leg and foot and into her shoe and sock.

15. Plaintiff experienced severe pain, permanent and disfiguring scarring, and medical expenses as a result of the Dispenser shattering.

16. Plaintiff reported the Dispenser's shattering to Defendant no later than July 7, 2022. Soon after Plaintiff reported the Dispenser's shattering, Defendant changed its advertising and representations on amazon.com by adding a brand-new icon, the words "Cold Water Only," and an eighth step ("Wait for the liquid to cool down") to the previous seven stop "Classic Lemonade" recipe:



17. Prior to Plaintiff's purchase and injury, Defendant had knowledge that the Dispenser was not safe for use with hot liquids yet failed to warn consumers such as Plaintiff. Indeed, a post-injury first review of the comments on the amazon.com website which the Plaintiff only looked after her injury revealed multiple reviews from before Plaintiff's injury on July 2, 2022 where consumers complained that the Dispenser had failed after contact with hot liquids:

*1.0 out of 5 stars* **Not heavy duty do not buy!**
Reviewed in the United States on December 6, 2020
**Verified Purchase**
Put boiling water (for iced tea) into it from room temp and the bottom broke immediately. Not thick enough to be used for making iced tea (from hot tea). I bought another type a few years ago and that one is still going strong. Thought I should get one that fits in the fridge. Quality was really bad to break from biking water. Do not buy.

*1.0 out of 5 stars* **WARNING. NEVER add tea that is HOT**
Reviewed in the United States on June 19, 2021
**Verified Purchase**
WARNING. This burst while my husband was filling it with his hot tea. We both have minor burns but boy it could have been soo much worse! never use Hot in this pitcher!!!!

*1.0 out of 5 stars* **Crappy pitcher!**
Reviewed in the United States on January 23, 2021
**Verified Purchase**
This crappy pitcher broke when I poured hot water in it for tea. Do Not Buy!

*1.0 out of 5 stars* **Glass cracked when steeping hot tea**
Reviewed in the United States on October 12, 2020
**Verified Purchase**
Broke due to hot (near boiling) water added to container. Use for cold drinks only
*1.0 out of 5 stars* **Wanted to love it!**
Reviewed in the United States on November 2, 2018

*2.0 out of 5 stars* **disappointing**
Reviewed in the United States on July 8, 2020
**Verified Purchase**
the first one i received leaked around the spigot and wouldn't tighten. the second one was nice for a few days and shattered when I added warm (not hot) tea to make ice tea. I would pass on this product.

*2.0 out of 5 stars* **Not for hot beverages!**
Reviewed in the United States on July 2, 2020
**Verified Purchase**
Don't use with hot liquids! Bottom blew out on first use...

18. Upon information and belief, Defendant monitors its reviews on amazon.com and was aware that its customers had been complaining for years prior to Plaintiff's injury that the Dispenser would break when it came into contact with hot liquids.

5

19. But not only did Defendant fail to warn consumers that the Dispenser was unsafe for use with hot liquids, Defendant affirmatively represented that the Dispenser was safe for use with hot liquids when it knew or should have known such representations were false.

20. Defendant's failure to warn and affirmative misrepresentations reveal a flagrant disregard for the safety of persons such as Plaintiff who might be harmed by the Dispenser, entitling Plaintiff to punitive damages.

## COUNT I
## STRICT PRODUCTS LIABILITY: DEFECTIVE MANUFACTURING
## OHIO REV. CODE § 2307.74

21. Paragraphs 1 through 20 are hereby incorporated by reference as if fully reiterated herein.

22. Defendant is the manufacturer, designer, distributor, seller, and/or supplier of the Dispenser.

23. The Dispenser was defective in its manufacture and construction when it left the hands of Defendant in that it deviated in a material way from product specifications, formula, or performance standards of the manufacturer, posing a serious risk of injury and death.

24. The Dispenser was defective in its manufacture and deviated in a material way from the design specifications and/or performance standards in a manner that caused injury to Plaintiff.

25. As a direct and proximate result of the defective Dispenser, as manufactured, designed, labeled, sold, supplied, and introduced into the stream of commerce by Defendant, Plaintiff has (1) incurred and will continue to incur medical expenses; (2) suffered and will continue to suffer serious physical deformity that is permanent in nature; and (3) endured and will continue to endure physical pain and emotional suffering and ongoing health issues resulting from her severe burns together with a loss of enjoyment of life.

## COUNT II
## STRICT PRODUCTS LIABILITY:
## DEFECT DUE TO INADEQUATE WARNING
## OHIO REV. CODE § 2307.76

26. Paragraphs 1 through 25 are hereby incorporated by reference as if fully reiterated herein.

27. Defendant is the manufacturer, designer, distributor, seller, and/or supplier of the Dispenser.

28. The Dispenser manufactured, designed, sold, distributed, supplied, and/or placed in the stream of commerce by Defendant was defective due to inadequate warning or instruction because at the time it left the control of Defendant, Defendant knew or should have known that its product was unreasonably dangerous due to its inability to perform the ordinary purpose for which it was intended.

29. Despite the fact that Defendant knew or should have known that the Dispenser was unreasonably dangerous, Defendant failed to exercise reasonable care to adequately warn consumers that use of its product resulted in an increased risk of injury.

30. Additionally, the Dispenser manufactured, designed, sold, distributed, supplied, and/or placed in the stream of commerce by Defendant was defective due to inadequate post-marketing warning or instruction because, at a relevant time after it left Defendant's control: (a) Defendant knew or, in the exercise of reasonable care, should have known about a risk that is associated with the Dispenser and that caused harm for which Plaintiff seeks to recover compensatory damages; and (b) Defendant failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the Dispenser would cause harm of the type for which the Plaintiff seeks to recover compensatory damages and in light of the likely seriousness of that harm.

31. As a direct and proximate result of the defective Dispenser, as manufactured, designed, labeled, sold, supplied, and introduced into the stream of commerce by Defendant, Plaintiff has (1) incurred and will continue to incur medical expenses; (2) suffered and will continue to suffer physical deformity that is likely permanent in nature; and (3) endured and will continue to endure physical pain and emotional suffering and ongoing health issues resulting from her severe burns.

**COUNT III
STRICT PRODUCTS LIABILITY:
DEFECT DUE TO NONCONFORMANCE WITH REPRESENTATIONS
Ohio Rev. Code § 2307.77**

32. Paragraphs 1 through 31 are hereby incorporated by reference as if fully reiterated herein.

33. Defendant is the manufacturer, designer, distributor, seller, and/or supplier of the Dispenser.

34. The Dispenser manufactured and supplied by Defendant was defective in that when it left the hands of Defendant, it did not conform to representations made by Defendant concerning the product. Specifically, Defendant represented that the Dispenser was "durable," "stable," and could be used safely with hot or boiling water when it cannot.

35. Plaintiff, at the time she purchased the Dispenser, justifiably relied upon Defendant's representations that the Dispenser was safe for use and would conform to its representations regarding the use, purpose, character, and quality of the product.

36. As a direct and proximate result of Plaintiff's use of the defective Dispenser, as well as Plaintiff's reliance on Defendant's representations regarding the safety, durability, stability, use, purpose, character, and quality of the Dispenser, Plaintiff has (1) incurred and will continue to incur medical expenses; (2) suffered and will continue to suffer physical deformity that

is likely permanent in nature; and (3) endured and will continue to endure physical pain and emotional suffering and ongoing health issues resulting from her burns.

37. Plaintiff is additionally entitled to punitive or exemplary damages because the harm for which Plaintiff is entitled to recover was the result of Defendant's misconduct that manifested a flagrant disregard of the safety of persons who might be injured or harmed by the Dispenser.

**COUNT IV**
**OHIO CONSUMER PROTECTION ACT**
**Ohio Rev. Code §1345**

38. Paragraphs 1 through 37 are hereby incorporated by reference as if fully reiterated herein.

39. Ohio Rev. Code §1345.03(6) states: "Whether the supplier knowingly made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment". The Defendant violated this section by, among other things, instructing Plaintiff to pour hot liquids into the Dispenser which was knowingly extremely dangerous.

40. Ohio Rev. Code §1345.02 (B)(1) states: "That the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have". The Defendant violated this section by not only instructing (and representing through images and text) Plaintiff to pour hot liquids into the Dispenser which was knowingly extremely dangerous when following the directions intentionally provided.

41. Ohio Rev. Code §1345.02 states: (B)(2) "That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;" which if true is a violation of the Act. The Defendant violated this section because the supplier represented that the product was manufactured to withstand boiling hot liquids because it was "made of durable,

9

thick glass" and that it was "designed with…a stable, wobble-free base" when it was not as the base sheared off from the Dispenser when the hot water was added.

42. The Defendant represented and directed users to boil liquids and then to place the boiling hot liquids into the unit which Defendant knew would cause the product to fail.

43. Ohio Rev. Code §1345.09 provides attorney's fees for a private action where the Defendant's conduct knowingly committed an act or practice that violates Chapter 1345.

<u>**COUNT V**</u>
**COMMON LAW ACTIVE DECEIT NOT ABROGATED**
<u>**OHIO REV. CODE §§ 2307.71-.80 (OPLA)**</u>

44. Paragraphs 1 through 43 are hereby incorporated by reference as if fully reiterated herein.

45. The Plaintiff claims the Defendant committed common law fraud by active, deceptive misconduct by instructing and directing the Plaintiff and other users to fill the Dispenser with hot liquids into the product which the Defendant knew, or in the exercise of reasonable care should have known would cause the product to fail and such failure would cause a foreseeable injury such as the burns to the Plaintiff herein.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant for that amount of money which will fully and fairly compensate her for her injuries and losses which amount is in excess of $75,000, plus attorney fees, costs, punitive or exemplary damages, and any and all other relief to which she may be legally or equitably entitled.

*/s/ Joseph W. Shea III*
Joseph W. Shea, III (0002758 OH)
Trial Counsel for Plaintiff
Rittgers Rittgers & Nakajima
3734 Eastern Avenue
Cincinnati, OH 45226
T: (513) 932-2115/F: (513) 982-8074
Jshea@Rittgers.com

10